The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, AR 72104
Dear Senator Faris:
I am writing in response to your request for an opinion on the following questions:
 1. Are the law enforcement logs kept by the Hot Spring County 911 Dispatch Center subject to the Freedom of Information Act?
 2. Are the ambulance and fire department logs kept by the Hot Spring County 911 Dispatch Center subject to the Freedom of Information Act?
 3. Are the incoming and outgoing calls to and from the Hot Spring County 911 Dispatch Center subject to the Freedom of Information Act?
 4. Are other recorded telephone lines in the Hot Spring County 911 Dispatch Center subject to the Freedom of Information Act?
 5. Is `subscriber information,' name, address, and telephone numbers, forwarded by a service provider subject to the Freedom of Information Act?
 6. Are recordings of information broadcasted over law enforcement frequencies subject to the Freedom of Information Act?
RESPONSE
It is my opinion that the answer to questions 1 through 4 and 6 is, generally, "yes" assuming that the Hot Spring County 911 Dispatch Center ("Dispatch Center") is a governmental agency or is otherwise wholly or partially supported by public funds. Depending upon the particular records, however, specific exemptions may apply. It is my opinion that the answer to your fifth question is "no."
Question 1 — Are the law enforcement logs kept by the Hot SpringCounty 911 Dispatch Center subject to the Freedom of InformationAct?
You have not indicated what these documents consist of, nor have you identified their source. As a general matter, all records that are maintained by a publicly supported 911 dispatch center are presumed to be "public records" under the FOIA. See, e.g., Op. Att'y Gen. 90-236
(concluding that the recorded 911 calls of a publicly supported 911 communications center would constitute "public records" under the FOIA). The FOIA defines "public records" as follows:
 `Public records' means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-105 (5) (a) (Supp. 2001).
In the absence of a specific exemption, either in the FOIA or in another statute, all public records are open to inspection and copying pursuant to A.C.A. § 25-19-105 (a) (1).
Please note that I have enclosed a copy of Attorney General Opinion93-106, which may offer additional assistance in evaluating the particular records at issue. This opinion addresses media access to sheriff's department radio dispatch logs and jail logs containing information that has been obtained from the Arkansas Crime Information Center ("ACIC").[1] As noted in that opinion, the Arkansas Supreme Court has held that jail logs, arrest records and shift sheets maintained by a police department are not records containing law enforcement investigations and are thus subject to disclosure pursuant to the FOIA.Hengel v. City of Pine Bluff, 307 Ark. 457, 821 S.W.2d 761 (1991). As also noted in Opinion 93-106, however, A.C.A. § 12-12-201 et seq., which established the Arkansas Crime Information Center, strictly limits access to the data available through the ACIC system. It was thus concluded that:
 [T]he sheriff's department should either not record ACIC information onto police dispatch logs, jail logs or other public documents which are otherwise subject to public disclosure, or it should excise the ACIC information proper to release of the documents.
Op. 93-106 at 2.
I lack sufficient information to determine whether this analysis applies with regard to the "law enforcement logs" in question. If the logs constitute the type of records addressed by the court in Hengel, supra,
they will generally be open to public inspection under the FOIA, assuming that the Hot Spring County 911 Dispatch Center is wholly or partially supported by public funds or expending public funds. The limitation discussed above concerning restricted ACIC data must, however, be recognized.[2]
Question 2 — Are the ambulance and fire department logs kept by the HotSpring County 911 Dispatch Center subject to the Freedom of InformationAct?
Again, I cannot provide a conclusive answer without more information concerning the particular records. Although the FOIA lists various records that are exempt from the requirement of disclosure (see A.C.A. §25-19-105 (b)), none of the exemptions apply specifically to ambulance and fire department records. While it is possible that an exemption would apply to information contained in those records, this would require a factual determination outside the scope of an opinion from this office. The above discussion regarding the general applicability of the FOIA and the limitation with respect to ACIC data should be noted, as well as the so-called "law enforcement investigation" exemption (see n. 2, supra). Because an ambulance log could conceivably contain medical information about a patient, the "medical records" exemption in the FOIA should also be noted (A.C.A. § 25-19-105 (b) (2)). See, e.g., Ops. Att'y Gen. 99-373
and 99-110.
The specific exemption in the Arkansas Public Safety Communications Act for "subscriber information" should perhaps also be considered in this regard. Arkansas Code Annotated § 12-10-317(a)(2) provides:
 Subscriber information provided in accordance with this subsection shall be used only for the purpose of responding to requests for emergency service from public or private safety agencies, for the investigation of false or intentionally misleading reports of incidents requiring emergency service response, or for other lawful purposes.
Accordingly, "subscriber information" is not generally subject to public inspection and copying, but may be released and used for the purposes set forth above (i.e., responding to requests, investigating false reports, and "other lawful purposes").[3] Because ambulance and fire department records could conceivably include this otherwise exempt information (see, e.g., Op. Att'y Gen. 95-232, regarding the release of 911 addresses to a rural fire department), the exemption in A.C.A. § 12-10-317 should be considered when responding to an FOIA request for these logs.
Question 3 — Are the incoming and outgoing calls to and from the HotSpring County 911 Dispatch Center subject to the Freedom of InformationAct?
It is my opinion that the answer to this question is, generally, "yes" assuming that the Dispatch Center is subject to the FOIA, in the absence of a specific exemption. See Ops. Att'y Gen. 94-100 and 90-236 (copies enclosed).
Question 4 — Are other recorded telephone lines in the Hot Spring County911 Dispatch Center subject to the Freedom of Information Act?
As noted above, all records that are maintained by a publicly supported 911 dispatch center are presumed to be "public records" under the FOIA. In the absence of a specific exemption, therefore, it is my opinion that the answer to this question is "yes," unless it can be established that the particular recording(s) does not "constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee." See A.C.A. §25-19-103 (5) (A). The possible need to redact any exempt information before releasing the record must also be considered. See responses above.
Question 5 — Is `subscriber information,' name, address, and telephonenumbers, forwarded by a service provider subject to the Freedom ofInformation Act?
The answer to this question is "no," pursuant to A.C.A. § 12-10-317
(Repl. 1999). See Ops. Att'y Gen. 99-409, 95-232, 94-100, 93-126, and 90-236.
Question 6 — Are recordings of information broadcasted over lawenforcement frequencies subject to the Freedom of Information Act?
I assume that this question is asked with regard to recordings that are kept or maintained by the Dispatch Center. I have found no specific exemption for such records. The presumption is that such recordings are "public records" and that they are open to public inspection under the FOIA, subject to the above analysis.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosures
[1] In accordance with A.C.A. § 12-10-317 (Repl. 1999), 911 public safety communication centers have access to ACIC files "only for the purpose of providing the information to end users as authorized by state law. . . ."
[2] Depending upon the particular nature of the records, the possibility of a separate specific exemption under the FOIA must also be considered. For example, § 25-19-105 (b) (6) provides an exemption for "[u]ndisclosed investigations by law enforcement of suspected criminal activity[.]" The applicability of this exemption will depend upon the particular facts.
[3] This office has opined that "subscriber information" includes the telephone number and address of any telephone used to make a 911 call, and probably other information such as the name of the subscriber, to the extent such other information actually is forwarded by a service provider to a public safety answering point pursuant to A.C.A. § 12-10-317(a)(1). Ops. Att'y Gen. 94-120, 94-100.